IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00714-FDW-DSC

| | |
|---|---|
| DALI WIRELESS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CORNING OPTICAL | ) |
| COMMUNICATIONS LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on "Defendant's Motion to Change Venue," Doc. 23, filed on June 15, 2020, as well as the parties' associated briefs and exhibits, Docs. 23-1, 24, and 25.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court grants Defendant's Motion to Change Venue as discussed below.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Dali Wireless Inc. ("Dali") and Defendant Corning Optical Communications LLC ("Corning") both develop technological products. On December 30, 2019, Plaintiff filed this action alleging that Defendant violated 35 U.S.C. § 271 by infringing three of its patents.

Specifically, Plaintiff alleges that Defendant's SpiderCloud Enterprise Radio Access Network ("E-RAN") System infringes on U.S. Patent No. 10,433,261, U.S. Patent No. 9,197,358, and U.S. Patent No. 10,506,454.

Plaintiff is a Delaware corporation with its principal place of business in Menlo Park, California. However, Plaintiff emphasizes that it "has little connection" to California. Doc. 24 at 4. Instead, "Dali's operations occur almost entirely in Burnaby, Canada, where all its technical and financial employees, documents, engineering, and product development are based." Id. Plaintiff states that it only uses its Menlo Park, California address for forwarding mail and telephone correspondence to Canada.

Defendant is a North Carolina Limited Liability Company with its principal place of business in Charlotte, North Carolina. In 2017, Defendant's parent company acquired SpiderCloud Wireless Inc. ("SpiderCloud Wireless"), the company that originally developed the products at issue here. Defendant maintained SpiderCloud Wireless's original offices in Milpitas, California, and San Diego, California where the products "continue to be developed and maintained." Doc. 23-1 at 7. Defendant states that its California offices are "where the vast majority of employees related to the SpiderCloud products continue to work and relevant documents are maintained." Id. at 3.

Defendant has moved pursuant to 28 U.S.C. § 1404(a) to transfer this matter to the Northern District of California.

## II. DISCUSSION

Under 28 U.S.C. § 1404(a), the district court may "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought." The question of transfer under section 1404(a) is committed

to the sound discretion of the district court. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Brock v. Entre Comput. Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991).

The Court must first determine whether the case could have been brought in the transferee district. "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A "regular and established place of business" must be "(1) a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." In re Cray, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Venue is proper in the Northern District of California because Defendant has allegedly committed acts of infringement at its physical office in Milpitas, California, "where Corning makes, sells, and offers to sell the accused SpiderCloud products." Doc. 23-1 at 6. Plaintiff does not dispute that venue would be proper in the transferee district.

If venue in the transferee district is proper, as it is here, the Court must then consider the following factors in deciding whether the matter should be transferred:

> (1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of a judgment, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of unnecessary problems with conflict of laws.

Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 239 (W.D.N.C. 2008). See also Jim Crockett Promotions, Inc. v. Action Media Grp., Inc., 751 F. Supp. 93, 96 (W.D.N.C. 1990).

Defendant has "the burden of persuasion and must show (1) more than a bare balance of convenience in [its] favor and (2) that a transfer does more than merely shift the inconvenience." Datasouth Comput. Corp. v. Three Dimensional Techs., Inc., 719 F. Supp. 446, 451 (W.D.N.C. 1989). Courts should make both a quantitative and a qualitative analysis of these factors. McDevitt & St. Co. v. Fid. & Deposit Co., 737 F. Supp. 351, 354 (W.D.N.C. 1990).

### A. Plaintiff's Choice of Forum

Plaintiff's choice of forum is given considerable weight and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). See Brown v. Flowers, 297 F. Supp. 2d 846, 850 (M.D.N.C. 2003) (citing Collins, 748 F.2d at 921), aff'd, 196 F. App'x 178 (4th Cir. 2006). Defendant bears a particularly heavy burden when it moves pursuant to Section 1404(a) to transfer an action from a district where venue is proper. Borgwarner, Inc. v. Honeywell Int'l, Inc., No. 1:07cv184, 2008 WL 394991, at *3 (W.D.N.C. Feb. 11, 2008). As this Court has previously noted, it is "black letter law" that "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice . . . should not be lightly disturbed." Phillips v. S. Gumpert Co., Inc., 627 F. Supp. 725, 726-27 (W.D.N.C. 1986) (citations omitted). See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981).

Venue is proper in this district. Defendant is a North Carolina Limited Liability Company and maintains its principal place of business here. Defendant argues that Plaintiff's choice of forum should be given little weight because Plaintiff does not reside here, and this district is not where the operative events occurred. However, Defendant identified two witnesses in this district with relevant marketing and sales knowledge about the SpiderCloud products. Further, Plaintiff argues

that Defendant "has offered for sale and sold infringing systems into locations all over the country, including in North Carolina." Doc. 24 at 9. This would mean that at least some of the operative events leading to infringement did occur in this district. Accordingly, Plaintiff's choice of forum weighs against transfer.

### B. The Residence of the Parties

Despite Plaintiff's attempts to dismiss its connections with the Northern District of California, Dali specifically alleges that it has "its principal place of business in Menlo Park, California." Doc. 7 at ¶ 3. Thus, Plaintiff resides in the Northern District of California. Defendant resides in the Western District of North Carolina. Since one party resides in the transferee district and the other resides in the transferor district, this factor is neutral.

### C. The Relative Ease of Access to Proof

The Federal Circuit instructs that "the place where the defendant's documents are kept weighs in favor of transfer to that location." In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed. Cir. 2009). Defendant's Milpitas, California office is "the center of operations regarding the design, development, and manufacturing of the SpiderCloud products." Doc. 23-1 at 8. Some of its SpiderCloud operations, "to a lesser degree," take place in its San Diego office within the Southern District of California. Id. at 9. Evidence in Defendant's Charlotte, North Carolina, office is "largely limited to marketing and sales information." Id.

Dali makes no argument that any of its own evidence would be more conveniently accessed in the Western District of North Carolina. The Court finds that the bulk of the evidence is located in or significantly nearer to the transferee district. Thus, this factor favors transfer.

**D. The Availability of Compulsory Process for Attendance of Witnesses and the Costs of Obtaining Attendance of Willing Witnesses**

Plaintiff makes much of the fact that eleven of the fifteen employee-witnesses Corning identifies are located outside the transferee district. However, more of Corning's identified witnesses are located in the transferee district than in the transferor district. Corning identifies two employee-witnesses in Charlotte, North Carolina who have "knowledge regarding the product line management, marketing, and sales of the SpiderCloud products." Id. at 3. In contrast, Corning identifies ten employee-witnesses in California (four of whom are located within the transferee district) who have "relevant, technical knowledge regarding the accused SpiderCloud products." Id. Although six of those ten employees with technical knowledge are located in San Diego, which is outside the transferee district, they are still much closer to the Northern District of California than the Western District of North Carolina. As Defendant argues, the transferee district "would clearly be more convenient" for covering these employees' "airfare, meals, lodging, and productivity." Id. at 11.

Additionally, the Northern District of California would be a more convenient forum for potential non-party witnesses. Corning identifies two suppliers that provide "various hardware and software components" used in manufacturing the SpiderCloud products. Id. at 3. One supplier, Broadcom, is headquartered in the Northern District of California, and the second supplier, Qualcomm, is headquartered in the Southern District of California. Accordingly, a California forum, such as the transferee district, is a more convenient forum for both suppliers.

As Plaintiff's "operations occur almost entirely in Burnaby, Canada," its witnesses would have to travel regardless of the forum. Doc. 24 at 4. Plaintiff makes no argument that this district is more convenient for its own witnesses. This factor favors transfer.

### E. The Administrative Difficulties of Court Congestion

According to Plaintiff, "[a]s of March 31, 2020, the average time to trial in this district was 25.4 months with 1,596 civil cases pending, while the time to trial in the Northern District of California was 22 months with 12,545 civil cases pending." Id. at 15. A difference of three months is not substantial enough to impact transfer. This factor is neutral.

### F. The Interest in Having Localized Controversies Resolved at Home

As Plaintiff notes, "Corning regularly ships its products all over the United States." Id. at 3. Given the vast distribution of the SpiderCloud products, there is no "localized controversy" in this case. See Colbond, Inc. v. N. Am. Green, Inc., No. 1:00CV18-C, 2000 WL 33422746, at *5 (W.D.N.C. May 8, 2000) ("This is not a localized controversy, but concerns products sold nationwide."). This factor is also neutral.

### G. Remaining Factors

The remaining factors—the possibility of a view, enforceability of a judgment, relative advantages and obstacles to a fair trial, other problems which might make litigation more expeditious and economical, and avoiding unnecessary conflict-of-law problems—are neutral.

Having considered all of the factors individually, the Court also considers these factors cumulatively. Both quantitatively and qualitatively, these factors favor transfer. The sole factor favoring retention is Plaintiff's choice of forum, while two factors favor transfer. With so many factors weighing neutrally, the Court places more reliance on a qualitative assessment of the factors. Considering that the majority of Defendant's design, development, and manufacturing of SpiderCloud products occurs in California, access to proof and obtaining witnesses will clearly be more convenient in the Northern District of California.

Importantly, Plaintiff makes no argument that the Western District of North Carolina is a more convenient forum for accessing its own proof or obtaining its own witnesses. Therefore, transfer would not "merely shift the inconvenience" in this case, as Plaintiff's representatives and witnesses will have to travel from Canada regardless of the forum. <u>Datasouth Comput. Corp.</u>, 719 F. Supp. at 451.

Accordingly, the Court concludes that the interests of justice and convenience warrant <u>granting</u> Defendant's Motion to Transfer Venue under Section 1404(a).

**NOW IT IS THEREFORE ORDERED that**:

1. "Defendant's Motion to Change Venue," Doc. 23, is **GRANTED**.

2. The Clerk is directed to hold the file in this case until fourteen days after service of this Memorandum and Order when the parties' right of appeal to the Honorable Frank D. Whitney expires. If no party appeals this Order, then the Clerk is directed to transfer this case to the United States District Court for the Northern District of California.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties and to the Honorable Frank D. Whitney.

**SO ORDERED**.

Signed: July 22, 2020

*[signature]*

David S. Cayer
United States Magistrate Judge